### EAST TEXAS FIRE INSURANCE COMPANY v. ELIZA KEMPNER.

Application No. 993.—Decided June 4, 1896.

**Insurance—Vacancy of Premises—Cases Distinguished.**

Refusing a writ of error, the court distinguish the decision of the Court of Civil Appeals in this case upon the facts from that upon the former appeal in which a writ of error was granted. (See Ins. Co. v. Kempner, 25 S. W. Rep., 999; s. c. 87 Texas, 229, same opinion, 27 S. W. Rep. 122; 12 Texas Civ. App.—; same opinion 34 S. W. Rep., 393.)

APPLICATION for writ of error to the Court of Civil Appeals, Fourth District, in an appeal from Lee County.

On a former appeal in this case by the defendant insurance company the judgment against it, having been affirmed by the Court of Civil Appeals (25 S. W. Rep., 999), was, upon writ of error, reversed by this court (Ins. Co. v. Kempner, 87 Texas, 229). A second recovery in the trial court was on appeal affirmed by the Court of Civil Appeals. (Ins. Co. v. Kempner, 12 Texas Civ. App. —.) Reference to those opinions will show more fully, if desired, the points of difference in the two appeals.

From the last named judgment affirming the case a writ of error was sought by the insurance company upon the following grounds, in substance: (1) That the court erred in holding that the building insured was, within the meaning of the policy, neither vacant nor unoccupied, and in continuous use; (2) In not holding the policy void because by its terms it insured the building only while it was occupied as a saddlery, etc., which was a promissory warranty that had not been kept; (3) In not holding the policy void because of the provision giving that effect to a change in occupation whereby the risk was increased, which it was claimed the court found to have taken place.

*Whittaker & Bonner*, for application.

BROWN, ASSOCIATE JUSTICE.—When this case was before this court at a former term, the facts found by the Court of Civil Appeals showed that the house in question was vacant from Saturday night until the next Wednesday, a period of three days. The case having been reversed by this court, upon another trial the plaintiff recovered judgment against the insurance company, and upon appeal that judgment was affirmed by the Court of Civil Appeals. The facts found by the Court of Civil Appeals on the second appeal show that the house was at no time vacant, and therefore the ground upon which the case was reversed by this court does not exist in the present state of facts. For the reason that the facts show that there was no vacancy, and therefore no forfeiture of the policy, the application for writ of error in this case is refused.

*Writ of error refused.*